NOT FOR PUBLICATION (Docket No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
JADE LUGTU,                         :
                                    :
             Petitioner,            :   Civil No. 09-cv-06514 (RBK)
                                    :
                                    :
         v.                         :   **OPINION**
                                    :
                                    :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
             Defendant.             :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion filed by Defendant United States of America (the "Government") to dismiss the Petition of Jade Lugtu ("Petitioner" or "Mr. Lugtu") to reduce or adjust his sentence pursuant to 28 U.S.C. § 2255. For the reasons expressed below, the Court will grant the Government's motion.

**I.    BACKGROUND**

On July 27, 2004, Mr. Lugtu pleaded guilty to a two-count Information charging him with knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). On November 1, 2004, this Court sentenced Mr. Lugtu to 132 months' incarceration, and it appears that he did not file a direct appeal.

On December 29, 2009, Mr. Lugtu filed a Petition for Reduction or Adjustment of Sentence pursuant to 28 U.S.C. § 2255.  Petitioner believes the writ of habeas corpus should issue due to alleged disparities in the sentences of aliens and American citizens that allegedly occur "as a consequence of immigration retainers lodged automatically in an alien's Bureau of Prisons (BOP) file," which, according to Petitioner, constitutes a violation of the Equal Protection Clause.  Petitioner also believes that his counsel was ineffective for failing to argue to the sentencing court that, upon conviction, Petitioner's immigration status would result in automatic deportation.  Finally, Petitioner argues that he has accepted responsibility for his crime and that leniency is appropriate because he was addicted to methamphetamine and began distributing it as a means to support his habit.  The Government filed the instant motion to dismiss on March 22, 2010, which Petitioner has not opposed.  Accordingly, the matter is now ripe for consideration.

## II.     DISCUSSION

The Government argues that the Petition should be dismissed as untimely because the statute of limitations has expired.[1]

A one-year statute of limitations applies to a federal prisoner's request for relief under 28 U.S.C. § 2255.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of four events, namely:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action; (3) the

---

[1] The Government also argues that Petitioner is not entitled to relief on the merits.  Because the Court agrees that the Petition is time-barred, the Court does not reach this argument.

> date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, Petitioner does not assert an impediment, a newly recognized right, or newly discovered facts. As a consequence, the one-year period began to run for Petitioner from the date upon which his judgment of conviction became final. As noted, Petitioner was sentenced on November 1, 2004 and did not appeal. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). In a criminal case, a defendant must file his notice of appeal within fourteen days of "the entry of either the judgment or the order being appealed." See Fed. R. App. P. 4(b)(1)(A)(i). Thus, Petitioner's conviction became final on November 15, 2004, and his right to move for relief under 28 U.S.C. § 2255 expired on November 15, 2005. See Alvarado v. United States, No. 08-592, 2008 WL 3285741, at *1 (D.N.J. Aug. 7, 2008). Accordingly, Mr. Lugtu's Petition is time-barred, and dismissal is required.

### III. CONCLUSION

For the reasons expressed above, the Court will grant the Government's motion to dismiss. An appropriate Order shall enter.

Date: 5-3-2010  
/s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge